FILED

NOT FOR PUBLICATION

SEP 22 2017

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

CATHERINE BRYAN,

        Plaintiff-Appellant,

v.

SELECT PORTFOLIO SERVICING, INC.; et al.,

        Defendants-Appellees.

No. 13-56681

D.C. No.
3:10-cv-01605-CAB-KSC

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Submitted September 21, 2017[**]

Before: SCHROEDER, HAWKINS, and N.R. SMITH, Circuit Judges.

Catherine Bryan appeals pro se from the district court's summary judgment

in her action alleging violation of the Truth in Lending Act ("TILA") and other

claims concerning a loan secured by real property that she co-owned with her

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

mother Betty Bryan. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Edwards v. Wells Fargo & Co.*, 606 F.3d 555, 557 (9th Cir. 2010), and we affirm.

The district court properly granted summary judgment on Bryan's TILA claim and other related claims on the basis that Betty Bryan obtained the loan for a business purpose, and the TILA disclosure requirements therefore did not apply. *See* 15 U.S.C. §§ 1602(i), 1603(1), & 1631(a) (providing that certain disclosures must be made when a credit transaction is primarily for personal purposes, but not when a transaction is primarily for business purposes); *see Johnson v. Wells Fargo Home Mortg., Inc.*, 635 F.3d 401, 417-18 (9th Cir. 2011) (holding that a loan to acquire, improve, or maintain non-owner occupied rental property was a loan for a business purpose).

The district court did not err in granting summary judgment on Bryan's claim for wrongful foreclosure and other claims arising from the foreclosure sale of the property because Bryan failed to raise a genuine issue of material fact as to whether she had conveyed her interest in the property to a corporation prior to the foreclosure sale, and thus Bryan lacked standing to pursue these claims. *See Kirola v. City & Cty. of S.F.*, 860 F.3d 1164, 1174 (9th Cir. 2017).

2

Bryan also lacked standing to pursue claims under the Fair Debt Collection Practices Act, California's Rosenthal Fair Debt Collection Practices Act, and the Real Estate Settlement Procedures Act because her mother Betty Bryan was the only borrower on the loan. *See* 12 U.S.C. § 2601; 15 U.S.C. §§ 1692(e), 1692a(3); *Kirola*, 860 F.3d at 1174.

The district court did not abuse its discretion in denying Bryan's motion for reconsideration under Federal Rule of Civil Procedure 60(b)(1) and (d)(3). *See Benson v. JPMorgan Chase Bank, N.A.*, 673 F.3d 1207, 1211 (9th Cir. 2012) (setting forth standard of review).

All pending motions are denied.

**AFFIRMED.**